IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROSIA NABORS MARION, INDIVIDUALLY AND
FOR AND ON BEHALF OF OSCAR LEE NABORS,				PLAINTIFFS,

VS.								CIVIL ACTION NO. 3:05CV006-P-A

HOLLY SPRINGS HEALTH CENTER
ASSOCIATION, INC. D/B/A HOLLY
SPRINGS NURSING AND REHABILITATION;
MARINER HEALTH CENTRAL, INC.; MARINER
HEALTH CARE MANAGEMENT COMPANY;
NATIONAL HERITAGE REALTY, INC.;
BOYD GENTRY; JAMES FREEMAN; AND
ARLENE DAWSON.								DEFENDANTS.

## ORDER

These matters come before the court upon Defendant Arlene Dawson's Motion to Dismiss [7-1] and Plaintiffs' Motion to Dismiss Action Without Prejudice [8-2]. Upon due consideration of the motions and the responses filed thereto the court finds as follows, to-wit:

Because it is undisputed that Arlene Dawson was not employed by any of the defendant nursing home companies during the residence of Oscar Lee Nabors, Dawson's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should clearly be granted. However, because it considered the affidavits presented by the defendants in supplementation to their Rule 12(b)(6) motion to dismiss, the court converted the motion to dismiss into one for summary judgment. Thus, summary judgment is granted to Dawson and she should be dismissed from this action with prejudice.

The plaintiffs have filed a motion to dismiss this action without prejudice as part of their response to Dawson's motion to dismiss. The plaintiffs concede that Arlene Dawson was not the

1

administrator of the subject nursing home during the residence of Oscar Lee Nabors and that neither before they filed their action nor presently do they know the identity of the proper administrator. The plaintiffs also admit that they filed the present action, which was removed by the defendants, without providing a certificate of expert consultation and without obtaining, or proving that they have requested, the requisite medical records.

The defendants posit that this action should be dismissed with prejudice. Granting a voluntary dismissal without prejudice, they argue, would allow the plaintiffs to simply re-file a new action in state court in such a way that removal to federal court would be improper. That is, all the plaintiffs need do is to add non-diverse defendants thereby defeating diversity jurisdiction. Furthermore, the defendants argue that this action should be dismissed with prejudice because the plaintiff failed to comply with Mississippi Code Annotated § 15-1-36 (Supp. 2004) by failing to meet the notice and expert consultation requirements.

The instant action was originally filed on August 30, 2004 in the Circuit Court of Marshall County, Mississippi. On January 1, 2005, the defendants removed to federal court based on diversity jurisdiction. No motion to remand was filed and the defendants have filed their answers. On May 12, 2005 the case management conference was held and a case management order was entered on May 18, 2005. On May 26, 2005, the defendants filed their Notice of Service of Discovery, referencing National Heritage Realty Inc.'s First Set of Interrogatories, Boyd Gentry's First Set of Interrogatories, and Defendants' First Requests for Production of Documents. Nothing else significant in this case has transpired.

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and

conditions as the court deems proper. ... Unless otherwise specified in the order, a dismissal under the paragraph is without prejudice."

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice **other than the mere prospect of a second lawsuit**." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (emphasis added). Dismissals under Rule 41(a)(2) without prejudice are allowed in removal actions even though the plaintiff might refile in state court. *See e.g., Culverhouse v. Biehl & Co.*, 24 F.R.D. 198 (S.D.Tex. 1959). A denial of a motion for voluntary dismissal under Rule 41(a)(2) without prejudice is not warranted merely because a plaintiff might attain a tactical advantage. *Templeton v. Nedlloyd Lines*, 901 F.2d 1273 (5th Cir. 1990). Furthermore, "the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Elbaor*, 279 F.3d at 318 n. 3.

The defendants have not convinced the court that a dismissal without prejudice at this relatively early point in the subject litigation would cause plain legal prejudice as defined by Fifth Circuit case law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Arlene Dawson's Motion to Dismiss [7-1] is hereby **GRANTED**;

(2) The plaintiffs' claims against Arlene Dawson are **DISMISSED WITH PREJUDICE**;

(3) Plaintiffs' Motion to Dismiss Action Without Prejudice [8-2] is hereby **GRANTED**; accordingly,

(4) All of the plaintiffs' claims against the remaining defendants are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 15th day of July, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE